NOT DESIGNATED FOR PUBLICATION

No. 119,176

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CASEY KNUDTSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER JR., judge. Opinion filed August 31, 2018.
Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM:  Casey Knudtson appeals the district court's decision to revoke his
probation and require that he serve his underlying prison sentence. Knudtson suggests
that the district court should have given him another chance at probation rather than send
him to prison. But Knudtson admitted to the district court that he committed a new crime
while on probation, and that gave the district court the discretion to send him to prison.
We find no abuse of discretion in the district court's decision to do so.

Knudtson was charged with domestic battery and aggravated-domestic battery
after he choked, punched, and shoved his girlfriend. Knudtson pleaded guilty to
aggravated-domestic battery, a felony, and the State dismissed the additional domestic-
battery charge. The district court sentenced Knudtson to 24 months of probation, with an

underlying 11-month prison term that he would have to serve if he did not successfully complete probation.

A month later, the State alleged in an arrest warrant that Knudtson had violated his probation by committing another domestic-battery offense. At a later hearing on the State's motion to revoke Knudtson's probation, the State presented evidence that Knudtson had choked a woman while on probation and that he had violated a protective order by contacting the victim. Knudtson did not contest the State's allegations.

The district court found that Knudtson had violated his probation by committing new offenses—domestic battery and violation of a protection-from-abuse order. Based on that, the court revoked his probation and ordered that he serve his 11-month underlying sentence. Knudtson has appealed that decision to this court.

Once a probation violation has been established, the decision to revoke probation has traditionally been considered within the discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). That discretion is now limited by K.S.A. 2017 Supp. 22-3716, which generally requires the court to use intermediate sanctions (like a short stay in jail) before imposing the prison term for probation violations.

But that statute's provision requiring intermediate sanctions before ordering the defendant to serve the underlying prison sentence does not apply once the court finds that the defendant has committed a new offense. See K.S.A. 2017 Supp. 22-3716(c)(8)(A). Accordingly, we review the district court's decision in Knudtson's case only for abuse of discretion. Unless the court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision made by the trial court. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

2

Knudtson claims that the district court abused its discretion by denying his request for probation because his probation officer suggested that Knudtson stay on probation and because he had a relatively low criminal-history score. But Knudtson had committed two domestic-battery offenses by choking a woman within a month. A reasonable person could agree with the district court's decision to send Knudtson to prison.

On Knudtson's motion, we accepted this appeal for summary disposition under K.S.A. 2017 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). We have reviewed the record that was available to the sentencing court, and we find no error in its decision to revoke Knudtson's probation.

We affirm the district court's judgment.